**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KYLE P. COHEN, individually and on behalf of all others similarly situated, ) ) ) | CASE NO. |
| ) | JUDGE |
| Plaintiff, ) ) | |
| v. ) ) ) | **NOTICE OF REMOVAL OF DEFENDANT PEKIN INSURANCE COMPANY** |
| PEKIN INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

Now comes the Defendant, Pekin Insurance Company ("Pekin"), through counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, and hereby files this Notice of Removal of the above-captioned case to the United States District Court for the Northern District of Ohio, Eastern Division, from the Court of Common Pleas, Cuyahoga County, where the action had been pending before Judge John D. Sutula as Case No. CV-24-106807 ("State Court Action"). Pekin states the following for its Notice of Removal:

**I.    Factual Background**

1. Plaintiff, Kyle P. Cohen, individually and on behalf of all others similarly situated, filed a putative Class Action Complaint, in the State Court Action, on November 6, 2024. Pursuant to 28 U.S.C. § 1446(a), Pekin attaches a true and correct copy of the Class Action Complaint in the State Court Action hereto as Exhibit A.

2. Plaintiff's Complaint alleges that Pekin, which insured Plaintiff under a personal automobile insurance policy, underpaid Plaintiff's claim for the total loss of his motor vehicle by "arbitrarily reducing the value of the comparable vehicles used in the calculation" of the actual cash value payment by a "Condition Adjustment," which Plaintiff claims is "contrary to appraisal

standards and methodologies and is not based in fact, as it is based on faulty assumptions rather than an inspection of the comp vehicle, and is not itemized." (Complaint, ¶ 5).

3. On behalf of himself and the putative class, Plaintiff brings a claim for breach of contract (Count I), which includes allegations as to Pekin's "implied covenant of good faith and fair dealing," and unjust enrichment (Count II). (Complaint, ¶¶ 83-109).

4. Plaintiff seeks compensatory damages, statutory damages, punitive damages, attorneys' fees, costs, and litigation expenses, as well as injunctive relief, equitable relief, and certification of an Ohio-only Class. (Complaint, p. 21-22).

5. Pekin is the only defendant in the State Court Action.

## II. Procedural Requirements for Removal

6. Pursuant to 28 U.S.C. § 1446(b), Pekin timely filed this Notice of Removal as Pekin received service of a Summons and Complaint, in the State Court Action, by certified mail, on November 15, 2024, returned and processed by the Cuyahoga County Clerk of Courts on November 20, 2024.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after service upon Pekin with a copy of the initial pleading setting forth the claims for relief in the State Court Action, and if, therefore, timely filed.

8. On December 13, 2024, Pekin filed its Answer to the Complaint, in the State Court Action, a copy of which Pekin attaches hereto as Exhibit B.

9. Pursuant to 28 U.S.C. § 1446(a), Pekin attaches true and correct copies of all other process, pleadings, and orders served upon Pekin in the State Court Action, and a printout of the State Court Action's docket, hereto as Exhibit C.

10. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because it corresponds to the district and division where this litigation was filed, as the Cuyahoga County Court of Common Pleas is located within the Northern District of Ohio.

11. Pursuant to 28 U.S.C. § 1446(d), Pekin will give Plaintiff a written notice of the timely filing of this Notice of Removal.

12. Pursuant to 28 U.S.C. § 1446(d), Pekin will file a copy of this Notice of Removal with the Clerk of Courts for the Cuyahoga County Court of Common Pleas. Pekin also attaches, hereto as Exhibit D, a copy of the Notice of Removal to be filed in the State Court Action.

13. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, the State Court Action is removable to this Court because Pekin has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this putative class action.

### III. Class Action Subject Matter Requirements for Removal

14. Pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), the Court has jurisdiction over this putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Pekin; and (3) the claims of the individual class members shall be aggregated and the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See, *Org. Holdings Ltd. v. BMW Fin. Servs., NA. LLC*, N.D.Ohio No. 1:24-cv-00708, 2024 U.S. Dist. LEXIS 186867, at *8 (Oct. 15, 2024).

#### A. Putative Class Size.

15. Pursuant to 28 U.S.C. § 1332(d)(5), the proposed class must exceed at least 100 members.

16. Plaintiff seeks to certify the following putative class:

3

> All Ohio residents who: 1) were insured by Defendant under a motor vehicle policy providing coverage for Coverage for Damage to Your Auto, or similar; 2) suffered damage to their auto declared to be a total loss, made a clam to Defendant, and Defendant made an ACV payment; 3) the payment was in the amount of the TOTAL on a CCC One® Market Valuation Report, or less applicable deductible. The class excludes any insured whose payment was made on appraisal; Plaintiff's counsel; officers of the court handling this matter; and employees of Defendant. The class period is the longest allowed by law. (Complaint, ¶ 70).

17. Plaintiff alleges that he "believes that there are hundreds of individuals in the Class," making "joinder of all members" impracticable. (Complaint, ¶ 73).

18. Accordingly, pursuant to 28 U.S.C. § 1332(d), this matter satisfies the CAFA's requirement that the putative class size exceeds 100 members.

**B.     Diversity Requirements.**

19. Pursuant to 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over class actions where at least one putative class member is a citizen of a state different than any defendant, which is recognized as "a relaxed form of diversity jurisdiction applies. See, *Org. Holdings Ltd. v. BMW Fin. Servs., NA. LLC*, N.D.Ohio No. 1:24-cv-00708, 2024 U.S. Dist. LEXIS 186867, at *8 (Oct. 15, 2024), citing *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 841 (6th Cir. 2020).

20. Pekin is an insurance company organized and existing under the law of Illinois and has its principal place of business and headquarters at 2505 Court Street, Pekin, Illinois, 61558.

21. Plaintiff is an individual residing and domiciled in Cleveland, Cuyahoga County, Ohio.

22. Pursuant to 28 U.S.C. § 1332(a) and (d), Pekin states that there exists complete diversity of citizenship between Plaintiff and Pekin, because Plaintiff is a citizen of the State of

Ohio and Pekin is a citizen of the State of Illinois, where it is organized and has its principal place of business.

23. Accordingly, pursuant to 28 U.S.C. § 1332, the CAFA's requirement of minimal diversity is satisfied.

    C. **Amount in Controversy.**

24. Pursuant to 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over class actions where the aggregated amount of the putative class claims exceeds the sum or value of $5,000,000, exclusive of interests and costs.

25. If a plaintiff's complaint does not state the amount in controversy, the CAFA "requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence," and "the defendant need only plausibly allege the that the class claim exceeds" the $5,000,000 amount in controversy without requiring the defendant to "research, state and prove the plaintiff's claim for damages." See, *Org. Holdings Ltd. v. BMW Fin. Servs., NA. LLC*, N.D.Ohio No. 1:24-cv-00708, 2024 U.S. Dist. LEXIS 186867, at *9 (Oct. 15, 2024), citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); See also, *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

26. In the Complaint, Plaintiff does not specify the exact "Condition Adjustment" amount that Pekin improperly reduced his ACV payment for his total loss vehicle. Plaintiff alleges, generally, the "Condition Adjustment" amount "can be identified for every member of the Class from Defendant's business records and data, including the data used to create the 'Market Valuation Report,' for each class member's transaction." (Complaint, ¶ 67).

5

27. In addition to compensatory damages, Plaintiff seeks to recover punitive damages against Pekin, which are considered when determining the amount in controversy. See, *Heyman v. Lincoln Natl. Life Ins. Co.*, 781 F.App'x 463, 471 (6th Cir.2019) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."); *Holton v. Erie Ins. Co.*, N.D.Ohio No. 1:24-cv-1428, 2024 U.S. Dist. LEXIS 185750, at *4 (Oct. 11, 2024) ("When determining the amount in controversy, punitive damages count, unless—the law of this Circuit says—it appears to a legal certainty that they cannot be recovered.").

28. Because Plaintiff claims commonality and typicality with the putative class members insured by Pekin, the punitive damages claims of the putative class members may be aggregated for purposes of determining the amount in controversy. See, *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 828 (6th Cir.2006) ("multiple plaintiffs may not aggregate punitive damages to meet the amount-in-controversy requirement when they do not share a 'joint or common interest or title' in the suit.").

29. In addition to compensatory and punitive damages, Plaintiff seeks to recover attorneys' fees against Pekin, which are considered when determining the amount in controversy. See, *Tomblin v. Geico Choice Ins. Co.*, N.D.Ohio No. 1:21-cv-01741, 2021 U.S. Dist. LEXIS 232458, at *13 (Dec. 6, 2021) ("reasonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction.".

30. If Plaintiff succeeds on a punitive damages claim, which Pekin denies, under R.C. 2315.21(D)(2)(c), "attorney's fees awarded as a result of a claim for punitive or exemplary damages shall not be considered for purposes of determining the cap on punitive damages." See, *Cruz v. English Nanny & Governess School*, 169 Ohio St.3d 716, 2022-Ohio-3586, 207 N.E.3d

742, ¶ 46 ("Attorney-fee awards have long been permitted at common law when punitive damages are awarded.").

31. Given the open-ended nature of the Plaintiff's putative class size, and the open-ended nature of the Plaintiff's alleged damages, the aggregate of compensatory damages, punitive damages, and attorneys' fees exceeds the $5,000,000 amount in controversy required by 28 U.S.C. § 1332(d).

32. Accordingly, upon satisfaction of the CAFA's requirements, this matter is properly removable to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1435.

WHEREFORE, Pekin requests that this action proceed in the United States District Court for the Northern District of Ohio as an action properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1435.

Respectfully submitted,

*/s/ John G. Farnan*
**JOHN G. FARNAN (0038558)**
JFarnan@westonhurd.com
**PATRICK M. CANNELL (0097926)**
PCannell@westonhurd.com
WESTON HURD LLP
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114
(T) 216.241.6602; (F) 216.621.8369
*Attorney for Defendant*
*Pekin Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 13th day of December, 2024, a copy of the foregoing was served by e-mail upon the following:

**Patrick J. Perotti, Esq. (#0005481)**
**Frank A. Bartela, Esq. (#0088128)**
DWORKEN & BERNSTEIN CO., LPA 60 South Park Place
Painesville, OH 44077
Phone: (440) 352-3391
Fax: (440) 352-3469
Email: *pperotti@dworkenlaw.com*
　　　　*fbartela@dworkenlaw.com*

**James A. DeRoche (#0055613)**
GARSON JOHNSON LLC
2900 Detroit Avenue
Van Roy Building 2nd Floor
Cleveland, OH 44113
Phone: (216) 696-9330 Fax: (216) 696-8558
Email: *jderoche@garson.com*

*Attorneys for Plaintiff and the Putative Class*

　　　　　　　　　　　　　　　　　　　　*/s/ John G. Farnan*
　　　　　　　　　　　　　　　　　　　　**JOHN G. FARNAN (0038558)**